## B. B. Minor, Appellee, v. William Lynch, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon.
E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the
October term, 1913. Reversed and remanded. Opinion filed December 27, 1913.

### Statement of the Case.

Action by B. B. Minor against William Lynch to recover a balance claimed to be due him. Plaintiff, a resident of Indianapolis, ran an elevator and bought grain at Muncie, Illinois, where defendant resided, and sold grain to plaintiff. The elevator was in charge of an agent of plaintiff. The items in dispute are: (1) An item of $37, being the difference in price of corn which defendant claims should have been credited to him; (2) several interest charges on the books of plaintiff against defendant; and (3) eight checks drawn to defendant and cashed by him, which defendant claims he paid cash for but which plaintiff claims were checks drawn as advances by his agent without authority. A verdict was returned in favor of plaintiff for $179.94, on which judgment was rendered and the defendant appeals.

REARICK & MEEKS, for appellant.

A. B. DENNIS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. CUSTOMS AND USAGES, § 26*—*admissibility of evidence to prove custom.* In an action to recover interest on advances made to a seller of grain, testimony of plaintiff that there was a custom

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Minor v. Lynch, 185 Ill. App. 86.

between him and his customers in the locality of his elevator by which he advanced money on grain with the understanding that they would pay interest on the advances until the grain was delivered and that he had charged his customers seven per cent. interest, *held* incompetent.

2. CUSTOMS AND USAGES, § 11*—*when custom is controlling.* A custom to be controlling so far as to affect the rights and liabilities of parties in their dealings with each other must be shown to be certain, continuous and so well known as to induce the belief that the parties contracted with reference to it.

3. CUSTOMS AND USAGES, § 9*—*customs opposed to law.* A custom cannot prevail against a well settled rule of law.

4. EVIDENCE, § 297*—*foundation for introduction of books of account.* Sufficient foundation is laid for the introduction of plaintiff's books in evidence where plaintiff testifies that the books were kept by his agent, since deceased, in the usual course of trade and of his duty and employment by the plaintiff.

5. EVIDENCE, § 315*—*evidence incompetent to verify books of account.* Testimony of a party that he had compared his books of account with monthly statements made to him by his agent and found the books to be correct, *held* not competent evidence to verify the books of account.

6. PRINCIPAL AND AGENT, § 242*—*evidence admissible to show extent of agent's authority.* An indemnity bond given by an agent to his principal is not competent evidence to show the extent of the agency, where the bond does not purport to be the agency agreement between the parties.

7. EVIDENCE, § 273*—*when checks admissible.* In an action to recover advancements or loans made by plaintiff's agent drawing checks in favor of defendant, *held,* that the checks were admissible in evidence to be considered with other evidence in determining whether defendant was indebted to plaintiff.

8. INTEREST, § 80*—*when instruction allowing rate fixed by custom erroneous.* In an action to recover interest on advances made to a seller of grain, an instruction permitting plaintiff to recover seven per cent. interest thereon if the jury should believe that there was a custom of plaintiff to charge seven per cent. interest, *held* erroneous and misleading in view of statute which fixes the rate at five per cent. on loans unless the contract is in writing.

9. PAYMENT, § 5*—*check as evidence.* A check alone is not evidence of an indebtedness of the payee to the drawer of the check but presumptively is evidence of the payment of a debt to the payee, or that money was paid for it at the time.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.